Mary Jo O'Neill   AZ #005924
C. Emanuel Smith  MS #7473
Sandra J. Padegimas AZ #011652
**EQUAL EMPLOYMENT OPPORTUNITY**
**COMMISSION, Phoenix District Office**
3300 North Central Avenue, Suite 690
Phoenix, Arizona 85012
Telephone: (602) 640-5061
sandra.padegimas@eeoc.gov

Attorneys for Plaintiff

FILED
U.S. DISTRICT COURT

2005 SEP 28 P 3: 56

DISTRICT OF UTAH

BY:_____
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>CONVERGYS CORPORATION,<br><br>Defendant. | Judge Dale A. Kimball<br>DECK TYPE: Civil<br>DATE STAMP: 09/28/2005 @ 16:01:03<br>CASE NUMBER:  2:05CV00812  DAK<br><br>**COMPLAINT**<br>(Jury Demand) |

## NATURE OF THE ACTION

This is an action under the Equal Pay Act of 1963 and Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to restrain the unlawful payment of wages to employees of one sex at rates less than the rates paid to employees of the opposite sex, and to provide appropriate relief due to Jennifer Richards as a result of such unlawful practices.

## JURISDICTION AND VENUE

1.      Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331,

1337, 1343 and 1345. This action is authorized and instituted pursuant to Sections 16(c) and Section 17 of the Fair Labor Standards Act of 1938 (the "FLSA"), as amended, 29 U.S.C. §§ 216(c) and 217, to enforce the requirements of the Equal Pay Act of 1963, codified as Section 6(d) of the FLSA, 29 U.S.C. § 206(d) ("EPA"), and pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(1) and (3) § 2000e-5(f)(1) and (3)("Title VII"). This action is also authorized and instituted pursuant to Section 102 of Title I of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for Utah.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of the Equal Pay Act and Title VII, and is expressly authorized to bring this action by Sections 16(c) and 17 of the FLSA, 29 U.S.C. §§ 216(c) and 217, as amended by Section 1 of Reorganization Plan No. 1 of 1978, 92 Stat. 3781, and Public Law 98-532 (1984), 98 Stat. 2705, and by 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1)and (3).

4. At all relevant times, Defendant, Convergys Corporation (the "Employer"), has continuously been a Ohio Corporation, doing business in the State of Utah and the City of Murray, and has continuously had at least 15 employees.

5. At all relevant times, Defendant Employer has continuously been an

employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

6. At all relevant times, Defendant Employer has acted directly or indirectly as an employer in relation to employees and has continuously been an employer within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

7. At all relevant times, Defendant Employer has continuously employed employees engaged in commerce or in the production of goods for commerce within the meaning of Sections 3(b), (i) and (j) of the FLSA, 29 U.S.C. §§ 203(b), (i) and (j) has continuously been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Sections 3(r) and (s) of the FLSA, 29 U.S.C. §§ 203(r) and (s) and, in that said enterprise has continuously been an enterprise whose annual gross volume of sales made or business done is not less than $500,000.

## STATEMENT OF TITLE VII CLAIMS

8. More than thirty days prior to the institution of this lawsuit, Jennifer Richards filed a charge with the Commission alleging violations of Title VII by Defendant employer. All conditions precedent to the institution of this lawsuit have been fulfilled.

9. Since at least January, 2003, Defendant employer has engaged in unlawful employment practices at its Murray, Utah site, in violation of Section 703(a) of Title VII, 42 U.S.C. § 2000e-2(a) by discriminating against Jennifer Richards with respect to her compensation because of her sex, female.

10. The effect of the practices complained of in paragraph 9 above has been to deprive Jennifer Richards of equal employment opportunities and otherwise adversely

affect her status as an employee because of her sex, female.

11. The unlawful employment practices complained of in paragraph 9 above were intentional.

12. The unlawful employment practices complained of in paragraph 9 above were done with malice or with reckless indifference to the federally protected rights of Jennifer Richards.

## STATEMENT OF EPA CLAIMS

13. Since at least January, 2003, Defendant employer violated Sections 6(d)(1) and 15(a)(2) of the FLSA, 29 U.S.C. §§ 206(d)(1) and 215(a)(2), by paying wages to Jennifer Richards, in its Murray, Utah facility, at rates less than the rates paid to a male employee in the same establishment for substantially equal work on jobs the performance of which requires equal skill, effort, and responsibility, and which are performed under similar working conditions. Jennifer Richards and Nick Brooks, a male employee, were both on the Channel Team. Ms. Richards and Mr. Brooks performed the same duties. Defendant employer, however, paid Ms. Richards $13.77/hr and Mr. Brooks $14.52/hr. In addition, although the representative of Defendant's client designated an equal bonus for both Ms. Richards and Mr. Brooks, a Defendant management official disregarded the designation and ordered that all the bonus money be awarded to Nick Brooks.

14. As a result of the acts complained of above in paragraph 13, Defendant employer unlawfully has withheld and is continuing to withhold the payment of wages due to Jennifer Richards.

15. The unlawful practices complained of in paragraph 13 above were willful.

## PRAYER FOR RELIEF

Wherefore, the Commission requests that this Court:

A.  Grant a permanent injunction enjoining the Defendant employer, its officers, successors, assigns and all persons in active concert or participation with it, from (a) engaging in gender-based disparate compensation and in any other employment practice which discriminates on the basis of sex and (b) retaliating against employees because they oppose practices made unlawful by Title VII or participate in a proceeding pursuant to Title VII.

B.  Grant a permanent injunction enjoining the Defendant employer, its officers, successors, assigns and all persons in active concert or participation with it, from (a) discriminating within any of its establishments between employees on the basis of sex, by paying wages to employees of one sex at rates less than the rates at which it pays wages to employees of the opposite sex for substantially equal work on jobs the performance of which requires equal skill, effort, and responsibility, and which are performed under similar working conditions and (b) retaliating against employees because they oppose practices made unlawful by EPA or participate in a proceeding pursuant to the EPA.

C.  Order Defendant employer to institute and carry out policies, practices and programs which provide equal employment opportunities for women, and which eradicate the effects of its past and present unlawful employment practices.

D.  Order Defendant employer to make whole Jennifer Richards, by providing appropriate backpay with prejudgment interest, in amounts to be proved at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices,

including but not limited to backpay.

E.	Order Defendant employer to make whole Jennifer Richards by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of in paragraph 9 above, including emotional pain, suffering, loss of enjoyment of life, and humiliation. in amounts to be determined at trial.

F.	Order Defendant employer to pay Jennifer Richards punitive damages for its malicious and/or reckless conduct described in paragraph 9 above, in an amount to be determined at trial.

G.	Grant a judgment requiring Defendant employer to pay appropriate back wages in amounts to be determined at trial, an equal sum as liquidated damages, and prejudgment interest to Jennifer Richards whose wages were being unlawfully withheld as a result of the acts complained of above in paragraph 13.

H.	Grant such further relief as this Court deems necessary and proper in the public interest.

I.	Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by this Complaint.

Paul M. Warner
United States Attorney

*signature* AUSA for
Carlie Christensen
Civil Chief

UNITED STATES ATTORNEY
185 S. State #400
Salt Lake City, Utah 84111
(801) 325-3243
Associated Local Counsel for Plaintiff

James L. Lee
Deputy General Counsel

Gwendolyn Young Reams
Associate General Counsel

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
1801 L Street, N.W.
Washington, D.C. 20507

*signature*
Mary Jo O'Neill
Regional Attorney

*signature*
C. Emanuel Smith
Supervisory Trial Attorney

*signature*
Sandra Padegimas
Trial Attorney

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION, Phoenix
District Office
3300 N. Central Ave., Suite 690
Phoenix, Arizona 85012
(602) 640-5061
Attorneys for Plaintiff

≈JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

FILED
U.S. DISTRICT COURT
2005 SEP 28 P 3: 56
DISTRICT OF UTAH
BY:
DEPUTY CLERK

## I. (a) PLAINTIFFS
Equal Employment Opportunity Commission

**DEFENDANTS**
Convergys Corporation

**(b)** County of Residence of First Listed Plaintiff _____
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant  SALT LAKE
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Mary Jo O'Neill, C. Emanuel Smith, Sandra J. Padegimas (602)640-5061
US EEOC, 3300 N. Central Ave, Ste 690; Phoenix, Arizona 85012

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☒ 1 U.S. Government Plaintiff
☐ 2 U.S. Government Defendant
☐ 3 Federal Question (U.S. Government Not a Party)
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|   | PTF | DEF |   | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 |  | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander / ☐ 365 Personal Injury - Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment |  |  | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine / **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 840 Trademark | ☐ 480 Consumer Credit |
|  | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health |  | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits |  | ☐ 690 Other |  | ☐ 810 Selective Service |
|  | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) |  |
| ☐ 190 Other Contract |  |  | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) |  |
| ☐ 196 Franchise |  | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☒ 442 Employment |  | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations / **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act |  | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land |  | ☐ 530 General |  | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare / ☐ 535 Death Penalty |  | ☐ 871 IRS—Third Party 26 USC 7609 |  |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - Employment / ☐ 540 Mandamus & Other |  |  | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
|  |  / ☐ 550 Civil Rights |  |  |  |
|  | ☐ 446 Amer. w/Disabilities - Other / ☐ 555 Prison Condition |  |  | ☐ 950 Constitutionality of State Statutes |
|  | ☐ 440 Other Civil Rights |  |  |  |

## V. ORIGIN (Place an "X" in One Box Only)

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
29 U.S.C. 216(c) and 217, Equal Pay Act of 1963; 42 U.S.C. 2000e-5(f)(1) and (3)

Brief description of cause:
To correct unlawful payment of wages to one sex at rates less than the rates paid to the opposite sex

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE Dale A. Kimball
DOCKET NUMBER 2:05cv00790DAK

DATE 9/20/05
SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**
RECEIPT # _____  AMOUNT _____  APPLYING IFP _____

Judge Dale A. Kimball
DECK TYPE: Civil
DATE STAMP: 09/28/2005 @ 16:01:03
CASE NUMBER: 2:05CV00812 DAK